IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NOLAN KINARD FLOYD, SR.,

   Plaintiff,

v.

LATOYA A. FRANCIS-WILLIAMS, ESQ.,

   Defendant.

Civil Action No.: SAG-21-2794

**MEMORANDUM**

Plaintiff Nolan Kinard Floyd, Sr. filed the above-captioned Complaint on November 1, 2021. ECF No. 1. Plaintiff has not paid the filing fee nor filed a motion for leave to proceed in forma pauperis. However, he will not be required to correct this deficiency as the complaint must be dismissed for the reasons stated below.

The Complaint alleges that Plaintiff paid Defendant Latoya A. Francis-Wright, Esq. to represent him in his criminal proceedings in Maryland state court. ECF No. 1 at 2. Plaintiff asserts that he paid $9,650 to Defendant, who withdrew from representation on February 3, 2020, and refunded no money. *Id.* He seeks to be reimbursed for the funds he paid to Defendant and additional monetary damages. *Id.* at 3.

Plaintiff also submitted correspondence on November 2, 2021, to which he attached the fixed fee agreement he alleges Defendant breached. ECF No. 2-1. Plaintiff asserts that he did not fire Defendant, but rather she was removed from his case by a circuit court judge because she brought contraband into the courthouse. ECF No. 2 at 1. Plaintiff contends Defendant "acted under a color of state law" at all times. *Id.*

Upon consideration of the Complaint, the Court finds a lack of subject matter jurisdiction. Plaintiff's claim, which at best states a breach of contract claim, arises under state law, and Plaintiff does not claim, nor provide a basis to establish, that this Court has diversity jurisdiction over this case. *See* 28 U.S.C. § 1332(a) (2018) (providing federal jurisdiction over a state law claim if the parties are citizens of different states and the claim seeks more than the jurisdictional threshold amount). A review of the Complaint reveals that Plaintiff has neither asserted a federal claim nor alleged facts that would support any such claim.[1]

Because this Court lacks subject matter jurisdiction over this case, the Court must dismiss this action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A separate Order follows.


November 10, 2021                                /s/
Date                                             Stephanie A. Gallagher
                                                 United States District Judge

---

[1] Plaintiff alleges that Defendant acted under color of law, presumably to assert a violation of a federal right pursuant to 28 U.S.C. § 1983. However, privately retained attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Therefore, Plaintiff cannot maintain a § 1983 claim against Defendant and fails to establish federal question jurisdiction under 28 U.S.C. § 1331.